IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No. _____

JERRY CIULLO and KAREN CIULLO,

                    Plaintiffs,

vs.

SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC., and FARM BUREAU INSURANCE OF N.C., INC.,

                    Defendants

## COMPLAINT & DEMAND FOR JURY TRIAL

**NOW COME** the plaintiffs, Karen Ciullo and Jerry Ciullo, by and through the undersigned counsel, and complaining of defendants, Southern Farm Bureau Casualty Insurance Company, North Carolina Farm Bureau Mutual Insurance Company, Inc., and Farm Bureau Insurance of N.C., Inc., hereby state the following:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Karen Ciullo ("Mrs. Ciullo") now is, and at all times relevant to this action was, a natural person and resident of Bryson City, Swain County, North Carolina.

2. Plaintiff Jerry Ciullo ("Mr. Ciullo") now is, and at all times relevant to this action was, a natural person and resident of Bryson City, Swain County, North Carolina.

3. Hereinafter, when Mrs. Ciullo and Mr. Ciullo are referred to collectively, they shall be identified as the "Plaintiffs", the "Ciullos", and/or the "Ciullo family."

4. Defendant Southern Farm Bureau Casualty Insurance Company ("Defendant Southern Farm Bureau") now is, and at all times relevant to this action was, a corporation duly organized and existing under the laws of Mississippi, with its principal place of business located at 1800 East County Line Road, Ridgeland, Mississippi 39157.

5. Defendant North Carolina Farm Bureau Mutual Insurance Company, Inc. ("Defendant North Carolina Farm Bureau"), now is, and at all times relevant to this action was, a corporation duly organized and existing under the laws of North Carolina, authorized by the Department of Insurance of the State of North Carolina to engage in the business of writing and selling policies of insurance in this state, with its principal place of business located at 5301 Glenwood Avenue, Raleigh, North Carolina.

6. Defendant Farm Bureau Insurance of N.C., Inc. ("Defendant Farm Bureau"), now is, and at all times relevant to this action was, a corporation duly organized and existing under the laws of North Carolina, authorized by the Department of Insurance of the State of North Carolina to engage in the business of writing and selling policies of insurance in this state, with its principal place of business located at 5301 Glenwood Avenue, Raleigh, North Carolina

7. Hereinafter, Defendant Southern Farm Bureau, Defendant North Carolina Farm Bureau, and Defendant Farm Bureau shall be collectively referred to as "Defendants Farm Bureau" and/or "Defendants."

8. Defendants Farm Bureau are insurance carriers participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act (hereafter called "NFIA"), as amended, 42 U.S.C. § 4001, *et seq*. Defendants issued Standard Flood Insurance Policies in its own name, as a fiscal agent of the United States. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendants were and are responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policies.

9. This action arises under the NFIA, Federal regulations and common law, and the flood insurance Policy that Defendants procured for and issued to Plaintiffs in their capacity as a flood insurance carrier under the Act.

10. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA Policies, without regard to the amount in controversy, whether brought against the government or a flood insurance company.

11. This Court has original exclusive jurisdiction to hear this action pursuant to 42 U.S.C. § 4072 because the insured property is located in this judicial district.

12. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiffs' property is located and where a substantial part of the events at issue occurred.

## STATEMENT OF FACTS

14. The allegations contained in the preceding Paragraphs are incorporated herein by reference as if fully set forth verbatim.

15. Defendants agreed to provide insurance to the Insureds dwelling, located at 2030 Old River Road, Bryson City, North Carolina 28713 (the "Subject Property"), through the insurance policy numbered NFIP 0020082498, Company Policy Number FL110020082498, with an effective policy term of July 7, 2024 through July 28, 2025 (the "Subject Policy").

16. On September 27, 2024, while the Subject Policy was in full force and effect, the Subject Property was damaged by flooding caused by Hurricane Helene.

17. In addition to the severe weather conditions generated during Hurricane Helene, the heavy rainfall resulted in the waters of the Tuckasegee River at Bryson City, Swain County, North Carolina to crest at a record 14.9 feet.[1]

18. As a result of the catastrophic loss of life and property left in the wake of Hurricane Helene, Swain County, North Carolina has been included in the areas designated under the declaration of a major disaster, as issued by the President of the United States.[2]

19. On April 24, 2025, the North Carolina Department of Insurance, by and through North Carolina Commissioner of Insurance Mike Causey, issued a Memorandum (the "Memorandum") to remind all insurance companies of the importance of quick handling and fair settlement offers when processing the claims of Hurricane Helene victims.[3]

20. Additionally, the Commissioner Causey highlighted that insurance companies' failure to promptly and fairly handle these claims "can lead to financial hardship, emotional distress, and prolonged inconvenience"[4] for Hurricane Helene victims.

---

[1] United States Geological Survey, *Tuckasegee River at Bryson City, NC – September 25, 2024 – October 2, 2024*, https://waterdata.usgs.gov/monitoring-location/USGS-03513000/#dataTypeId=continuous-00065-0&showFieldMeasurements=true&startDT=2024-09-25&endDT=2024-10-02

[2] *See* Federal Emergency Management Agency, North Carolina Tropical Storm Helene (DR-4827-NC), https://www.fema.gov/disaster/4827/designated-areas

[3] *See* North Carolina Department of Insurance, *Memorandum, Subject: Fair Claim Settlement Amounts for Helene Victims*, pg. 1 (April 2025).

[4] *Id*.

21. The Property is located on and around the banks of the Tuckasegee River as it flows through Bryson City, Swain County, North Carolina.

22. Prior to September 27, 2024, Plaintiffs purchased from the Defendants Farm Bureau a Standard Flood Insurance Policy which, among other coverages, covers all losses to their Home, subject to certain exceptions, which do not apply in this case. [5]

23. The Subject Policy covered Plaintiffs' home in an amount up to one hundred sixty-five thousand dollars ($165,000.00) for loss or damage to the Home caused by a flood subject to a $10,000.00 deductible[6].

24. In consideration of the Plaintiffs' payment in full of all applicable premiums, surcharges, and fees, compliance with all applicable terms and conditions of the Subject Policy, and furnishing of accurate information and statements, Defendants Farm Bureau undertook to and did insure the Home and any personal property in the Home against direct physical loss by or from flood, subject to certain exceptions, which do not apply in this case. [7]

25. Under the Flood Policy, "flood" means:

> "1. A general and temporary condition of partial or complete inundation of two or more acres of normally dry land area or of two or more properties (one of which is your property) from:
>  a. Overflow of inland […];
>  b. Unusual and rapid accumulation or runoff of surface waters from any source;
>  c. Mudflow.
>
> 2. Collapse or subsidence of land along the shore of a lake or similar body of water as a result of erosion or undermining caused by waves or currents of water exceeding anticipated cyclical levels that result in a flood as defined in B.1.a"[8]

26. The Ciullo family suffered substantial and serious direct physical loss to the Property, and specifically to their residential dwelling, as a result of the flooding caused by Hurricane Helene.

---

[5] A copy of the Flood Policy, including the declarations page, is attached as Exhibit A and is incorporated herein by reference.
[6] *See* Exhibit A - Renewal Flood Insurance Policy Declarations
[7] *See* Exhibit A, I. A. – B.
[8] *See* Exhibit B – Notice, Standard Flood Insurance Policy Dwelling Form *and* Exhibit A, II. B. 1-2.

27. The extent of damage to the Plaintiffs' Home was no less than $165,000.00.

28. Plaintiffs have fully paid all applicable premiums, surcharges, and fees due on the Flood Policy.

29. Plaintiffs timely reported the direct physical loss to the Property to the Defendants Farm Bureau. The claim was assigned by Defendants Farm Bureau as Claim Number FL110020082498 (the "Flood claim").

30. Plaintiffs have otherwise fully complied with all conditions precedent to the payment of the Flood claim.

31. On or around December 12, 2024, Plaintiffs were notified via letter of Defendants' determination that Plaintiffs were "owed $3,064.04 for building losses […]." However, it was obvious that the Subject Property sustained far more covered damages.

32. On or around February 20, 2025, Plaintiffs were notified of Defendants' wrongful determination to "deny" the part of the Flood claim.

33. Defendants Farm Bureau, without conducting a thorough and complete investigation, partially denied Plaintiffs' Flood claim and refused to pay Plaintiffs in full as a result of their covered loss, which was insured by the Policy at all times relevant to this case.

34. The cause of loss was covered by the Policy.

35. After the Flood claim was reported, Defendants Farm Bureau, through their words and deeds, led the Plaintiffs to believe that Defendants Farm Bureau were willing to pay for and/or other expenses associated with returning the Property to the condition it was in prior to the flood caused by Hurricane Helene.

36. All of the losses to Plaintiffs' Home which occurred as a result of the flooding caused by Hurricane Helene, were fully insured under the Flood Policy. Therefore, Defendants are liable to pay the Plaintiffs the full amount of the loss to the Plaintiffs' Property, as well as other losses and benefits under the terms of the Flood Policy.

37. The Plaintiffs made a timely and complete claim to the defendant and gave Defendants Farm Bureau all opportunities to examine the Plaintiffs' Property and losses, and to otherwise conduct a full and complete investigation of the Flood claim.

38. Defendants Farm Bureau did not conduct a thorough and complete investigation of the Plaintiffs' Property or of the loss referred to above prior to denying parts of the Plaintiffs' Flood claim.

39. If Defendants Farm Bureau had conducted a good faith investigation, it would have received information showing that Defendants Farm Bureau had no right to delay or deny the Flood claim.

40. Defendants Farm Bureau, by denying Plaintiffs' legitimate claims or delaying the payment thereof, and having knowledge that they had no justification for doing so, have forced Plaintiffs to retain the services of the undersigned counsel and file suit in order to obtain the insurance proceeds to which they were, are, and have always been entitled.

41. As a direct and proximate result of the Defendants' acts and/or omissions, Plaintiffs have been, and continue to be, damaged monetarily in regard to the covered losses, damages to their Property and incurred additional living expenses.

## FIRST CAUSE OF ACTION
*Defendants Farm Bureaus' Breach of Contract*

42. The allegations contained in the preceding Paragraphs are incorporated herein by reference as if fully set forth verbatim.

43. Plaintiffs had a contract of insurance with the Defendants specifically designed to provide flood insurance coverages to the Plaintiffs for, among other things, physical damage caused by flood to the Property.

44. Plaintiffs fully performed under the contract by paying all premiums when due and cooperating with Defendants regarding the claim.

45. Plaintiffs complied with all conditions precedent to their recovery herein, including appropriate and adequate demands, or Defendants waived or excused such conditions precedent.

46. Defendants had contractual and statutory duties to properly investigate, adjust, settle and pay Plaintiffs for covered insurance claims.

47. Despite the clear obligation to investigate, adjust, settle and pay the Plaintiffs for their losses, the Defendants have failed to fully indemnify Plaintiffs' for the loss and wrongfully denied coverages for all damages covered under the Subject Policy.

48. Therefore, the Defendants are in breach of the Subject Policy.

49. The Defendants' actions and inactions have breached its contractual obligations to Plaintiffs, in multiple ways, including, but not limited to, the Defendants' failure to properly acknowledge coverages for all of Plaintiffs' covered losses and damages and properly and fully pay the amount due to the Plaintiffs, in accordance with the express terms of the subject Policy and the law.

50. All conditions precedent to the filing of this action have been complied with, met or otherwise waived and/or Defendants' repudiation of further coverage for this covered loss, by operation of law, relieves Plaintiffs from any further compliance with any and all conditions precedent.

51. As a direct and proximate result of the Defendants' multiple and continuing breaches of their insurance contracts and/or failure to comply with its contractual obligations, Plaintiffs have been, and continue to be, damaged monetarily in regard to the covered losses and damages to the insured premises.

52. As a direct and proximate result of Defendants Farm Bureau's breach of contract, Plaintiffs are entitled to recover from Defendants Farm Bureau a sum in excess of seventy-five thousand dollars ($75,000.00).

**WHEREFORE,** Plaintiffs respectfully request the following from this Court:

1. Plaintiffs have and recover from Defendants the amount ultimately determined by the jury for damage to the Property,

2. Plaintiffs have and recover all other amounts the Plaintiffs are entitled to receive under the Subject Policy;

3. Plaintiffs have and recover from Defendants the amount necessary to fully compensate the Plaintiffs for breach of contract;

4. The costs of this action be taxed to the Defendants;

5. Plaintiffs have a trial by jury on all issues so triable;

6. Plaintiffs be granted such other relief as the Court deems just, fit, and proper.

Respectfully submitted,

This the **26th** day of **November, 2025**.

**YOUR INSURANCE ATTORNEY**

_____
Ava Lynch, Esq.
N.C. State Bar No. 50594
1015 Ashes Drive, Suite 100
Wilmington, North Carolina 28405
alynch@yourinsuranceattorney.com
Phone: (910) 834-8279
Fax:    (888) 347-1535
*Attorney for Plaintiffs*